894 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alice H. ALEXANDER, Plaintiff-Appellant,
and
Robert Alexander, Plaintiff,
v.
Ronald E. COVINGTON; Cooke Trucking Lines, a North Carolina
Corporation, Defendants-Appellees.
 No. 89-1424.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 2, 1989.
Decided: Dec. 14, 1989.
 
 Robert Edward Miller, for appellant.
 Stephen Anthony Horvath (Lewis, Tydings, Bryan & Trichilo, P.C., on brief), for appellees.
 Before HARRISON L. WINTER, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alice H. Alexander contends that she is entitled to a new trial because the district judge erred by allowing various documents offered by defendants Ronald E. Covington and Cooke Trucking Lines to be admitted into evidence.[1] Although the jury returned a verdict in her favor, Alexander maintains that the amount of the award was adversely affected by these evidentiary rulings. We affirm.
 
 
 2
 Alexander injured her back when a truck, owned by Cooke Trucking Lines and negligently driven by Covington, struck her car. At trial Alexander attempted to prove that the accident caused a permanent partial disability to her lower back. In support of her claim, Alexander introduced expert medical testimony from Dr. Jeffrey Goltz.
 
 
 3
 During cross-examination of Dr. Goltz, the defendants sought to contradict his testimony by showing that his opinion regarding Alexander's back injury conflicted with a medical report prepared by Dr. Donald Cooney, a non-testifying doctor. Over Alexander's objection on the basis of hearsay, the district judge admitted the Cooney report into evidence.
 
 
 4
 The defendants introduced expert testimony from Dr. Albert Ventzek and Dr. John Kaye who stated that Alexander had a history of back problems prior to the accident and that her back problems after the accident were not as severe as she claimed. During the testimony of Dr. Ventzek, formerly Alexander's treating physician, the defendants sought to introduce various medical reports prepared by non-testifying doctors which generally described Alexander's back problems before and after the accident. When the defendants offered to introduce the medical reports, Alexander again objected on the basis of hearsay. The objection was overruled.
 
 
 5
 Assuming the Cooney report and the medical reports were improperly admitted, reversal is not appropriate. The information contained in these exhibits was testified to without objection by several witnesses, including Alexander and Drs. Ventzek and Kaye. Thus, their admission was harmless and did not affect the substantial rights of the parties. Fed.R.Civ.P. 61.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Robert Alexander, whose claim was dismissed prior to the trial, does not appeal